UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| LOGAN LUNDAHL, HOLLI LUNDAHL,<br><br>Plaintiffs,<br><br>vs.<br><br>JP MORGAN CHASE BANK, MICHELE M CHRISTIANSEN, in her official capacity; MARY CORPORON, OLD REPUBLIC INSURANCE CO., MEL HOFFMAN, LOS ANGELES HOMEOWNERS AID, TRAVIS O'GORMAN, in his official capacity; DEREK WEIMER, in his official capacity; CAROL STOUFFER, in her official capacity; FRANKIE MOORE, in her official capacity; LILIA CHAVARIN, AMERICAN MODERN INSURANCE GROUP, CAROLYN OLSON, in her official capacity; NEIL LUND, in his official capacity; FIRST AMERICAN TITLE INSURANCE CO., DOES 1-10,<br><br>Defendants. | 5:17-CV-05069-LLP<br><br>ORDER DISMISSING COMPLAINT IN PART AND DIRECTING SERVICE IN PART |

Plaintiffs, Logan Lundahl and Holli Lundahl, appearing pro se, filed a complaint alleging causes of actions ranging from civil rights claims under 42 U.S.C. § 1983 to the Racketeering Influenced and Corrupt Organizations Act (RICO) under 18 U.S.C. § 1601 to state law tort claims. Docket 1. This case follows in a series of cases filed by Holli Lundahl that relate to property in Provo, Utah. Holli Lundahl filed several cases in state and federal courts in Texas, Idaho, Wyoming, Nebraska. Plaintiffs contend that "the courts obstructed plaintiff's rights to seek any future relief by fraudulently constructing orders that were patently false to impede Plaintiffs fair and just access to the courts to try her claims, and by issuing a filing injunction that basically barred

Plaintiffs from filing documents that attacked the facially fraudulent orders." Docket 1 at 7. In addition to the instant complaint, plaintiffs filed motions requesting leave to proceed in forma pauperis, (Docket 3 and 4), motions to electronically file documents (Docket 9), a motion to seal certain exhibits (Docket 12), and a request for judicial notice (Docket 13).

There is a two-step screening process with in forma pauperis litigants. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982); *see also Key v. Does*, 217 F. Supp. 3d 1006, 1006 (E.D. Ark. 2016). First, district courts must determine whether a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a). *Id.* Second, district courts are to determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). *Id.*

This court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating he is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915. Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the court's discretion. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). "In forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456 (8th Cir. 2000).

Based upon Logan Lundahl's application, he indicates that he is disabled, qualifies for public assistance, and has very limited assets. Docket 3. Considering the information in the financial affidavit, the court finds that Logan Lundahl has made the requisite financial showing to proceed in forma pauperis. *Id.*

Based upon Holli Lundahl's application, she indicates that she is disabled, receives public assistance, and has very limited assets. Docket 4. Considering the information in the financial affidavit, the court finds that Holli Lundahl has also made the requisite financial showing to proceed in forma pauperis. *Id.*

But the inquiry does not end there. Under § 1915, the court must review the claims in the complaint to determine if they are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who has immunity. *See* 28 U.S.C. § 1915(e)(2)(B).

A pro se complaint should be given liberal construction. *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). A pro se complaint, regardless of how inartfully pleaded, is held to less stringent standards than pleadings drafted by lawyers and may only be dismissed for failure to state a claim if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Hughes v. Rowe*, 449 U.S. 5, 10 n.7 (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). This policy of liberal construction, however, "does not mandate that a Court sustain every pro se complaint even if it is incoherent, rambling, and unreadable." *Barsella v. U.S.*, 135 F.R.D. 64, 66 (S.D.N.Y. 1991). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint set forth "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." FRCP 8(a)(2). This Rule also requires that each claim be "simple, concise and direct." FRCP 9(e)(2). The purpose of this rule is that a defendant be given fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Romine v. Acxiom Corp.*, 296 F.3d 701, 711 (8th Cir. 2002) citing *Swierkiewcz v. Sorema N.A.*, 534 U.S. 506 (2002).

## I. Official Capacity Defendants

Plaintiffs sue Michele M. Christiansen, Travis O'Gorman, Derek Weimer, Carol Stouffer, Frankie Moore, Carolyn Olsen, and Neil Lund in their official capacities. Claims against a government officer in his or her official capacity are claims against the government entity for which the officer works. *Kentucky v. Graham*, 473 U.S. 159, 167 (1985). "Because the real party in interest in an official capacity suit is the governmental entity and not the named official, 'the

entity's "policy or custom" must have played a part in the violation of federal law.' " *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

Michele M. Christiansen was a state court judge in Utah. *See* Docket 1-23. Travis O'Gorman, Derek Weimer, and Frankie Moore were state court judges for the State of Nebraska. *See* Docket 1-15; 1-19. Carol Stouffer was Clerk of Court for Sheridan County, Nebraska. *See* Docket 1-19. Carolyn Olsen was a prosecutor in Pennington County, South Dakota. *See* Docket 1-1 at 5. Neil Lund was a prosecutor in Daggett County, Utah. *See* Docket 1-1 at 5.

Plaintiffs must establish the prerequisite to governmental liability under § 1983 against the state of Utah, the state of Nebraska, Sheridan County Nebraska, Pennington County, South Dakota, and Daggett County Utah: plaintiffs must allege that an official custom or policy brought about the alleged constitutional deprivation. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690–91 (1978). Plaintiff makes no such allegation against any of these government entities and thus fails to state a claim upon which relief may be granted. There are no facts alleged in the complaint to reasonably suggest that plaintiffs have a viable claim against any of these government entities. Consequently, the complaint against defendants Michele M. Christiansen, Travis O'Gorman, Derek Weimer, Carol Stouffer, Frankie Moore, Carolyn Olsen, and Neil Lund will be dismissed under 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

Plaintiffs sixth claimed cause of action requests "prospective declaratory and injunctive relief against the judicial and prosecutorial defendants." Docket 1-1 at 5. There is no adequate pleading for any such relief.

## II. Mary Corporon

Plaintiffs allege a RICO violation and name Mary Corporon as a conspirator. Corporon served as Holli Lundahl's court appointed attorney in federal criminal matters in Utah. Docket 1

4

at 14. Holli Lundahl alleges that "Corporon did nothing to advance HOLLI's causes because she had been paid by LAHA and other complaining witnesses to secure a criminal judgment against HOLLI by any means available." Docket 1 at 13. In fact, both Utah federal criminal actions were dismissed without prejudice. *See Lundahl v. Utah*, CR. 07-00272-WFD, Docket 74 (D. Utah January 21, 2009) and CR 06-00693-WFD, Docket 267, (D. Utah January 21, 2009).

RICO makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). "In order to demonstrate a violation of this section, therefore, a plaintiff must establish (1) the existence of an enterprise; (2) defendant's association with the enterprise; (3) defendant's participation in predicate acts of racketeering; and (4) defendant's actions constitute a pattern of racketeering activity. In addition, the plaintiff must demonstrate that he has been injured in his business or property by the conduct constituting the violation, a requirement equivalent to a showing of proximate causation and damages." *United HealthCare Corp. v. Am. Trade Ins. Co., Ltd.*, 88 F.3d 563, 570 (8th Cir. 1996) (internal citations and quotation marks omitted).

Plaintiffs also cite to § 1962(d), which proscribes any person from conspiring to violate section 1962(c). 18 U.S.C. § 1962(d). To prove conspiracy "plaintiffs must not only prove the elements of a RICO violation but also that [defendants] objectively manifested an agreement to participate . . . in the affairs of the enterprise." *Rosemann v. St. Louis Bank*, 858 F.3d 488, 500 (8th Cir. 2017) (internal alterations and quotation marks omitted). Here, plaintiffs' allegations fall short of stating a plausible claim against Corporon sufficient to survive screening. Plaintiffs do not allege that Corporon "manifested an agreement to participate . . . in the affairs of the enterprise." Such

an inference cannot be drawn from the allegation that LAHA and other complaining witnesses paid Corporon to secure a conviction. Consequently, the complaint against Mary Corporon will be dismissed under 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

To the extent that plaintiffs assert causes of action eight through thirteen against Corporon, those claims will be dismissed for failure to state a claim upon which relief may be granted under 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

### III. JP Morgan Chase Bank, Old Republic Insurance Co., Mel Hoffman, Los Angeles Homeowners Aid, Lilia Chavarin, American Modern Insurance Group, First American Title Insurance Co., Does 1-10

At this juncture, the court cannot say the complaint against JP Morgan Chase Bank, Old Republic Insurance Co., Mel Hoffman, Los Angeles Homeowners Aid, Lilia Chavarin, American Modern Insurance Group, First American Title Insurance Co., Does 1-10 is wholly without merit. Thus, the court will direct service of JP Morgan Chase Bank, Old Republic Insurance Co., Mel Hoffman, Los Angeles Homeowners Aid, Lilia Chavarin, American Modern Insurance Group, and First American Title Insurance Co.

Accordingly, it is ORDERED

1. Logan Lundahl's motion for leave to proceed in forma pauperis (Docket 3) is granted.
2. Holli Lundahl's motion for leave to proceed in forma pauperis (Docket 4) is granted.
3. Logan Lundahl's request to electronically file documents (Docket 8) is denied.
4. Holli Lundahl's request to electronically file documents (Docket 9) is denied.
5. Plaintiffs fail to state a claim against defendants Michele M. Christiansen, Travis O'Gorman, Derek Weimer, Carol Stouffer, Frankie Moore, Carolyn Olsen, Neil Lund, and Mary Corporon. They are dismissed under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

6. The fifth and sixth claimed causes of action are dismissed with prejudice.
7. Plaintiffs shall complete and send to the Clerk of Court a separate summons and USM-285 form for each remaining defendant. Upon receipt of the completed summons and USM-285 forms, the Clerk of Court will issue the summonses. If the completed summons and USM-285 forms are not submitted as directed, the complaint may be dismissed.
8. The United States Marshal Service shall serve the completed summonses, together with a copy of the complaint and this order, upon the remaining defendants.
9. Plaintiffs' motion to seal (Docket 12) is denied.
10. Plaintiffs' motion for judicial notice (Docket 13) is denied. The documents are filed in the record of this case.

DATED this 2nd day of August, 2018.

BY THE COURT:

ATTEST:
MATTHEW W. THELEN, CLERK
BY: _____
(SEAL)     DEPUTY

LAWRENECE L. PIERSOL
United States District Judge