UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| LOGAN LUNDAHL, HOLLI LUNDAHL, <br><br> Plaintiffs, <br><br> vs. <br><br> JP MORGAN CHASE BANK, OLD REPUBLIC INSURANCE CO., MEL HOFFMAN, LOS ANGELES HOMEOWNERS AID, LILIA CHAVARIN, AMERICAN MODERN INSURANCE GROUP, FIRST AMERICAN TITLE INSURANCE CO., DOES 1-10, <br><br> Defendants. | 5:17-CV-05069-LLP <br><br><br> ORDER |

Pending before the court are plaintiffs' "Emergency Petitions Motion to File Under Seal A Complaint Plaintiffs Seeks to Supplement Into The Present Action As Involving Related Subject Matter In The Efforts To Steal Property Rights of Plaintiff – Or In The Alternative Open A New Action So That Plaintiff Can Immediately Exercise The Emergency The Permanent Injunction Attached As Exhibit '2'" and "Plaintiff's Separate Motion To Supplement / Add Certain South Dakota Officials Into This Action As Identified In The Complaint Attached As Exhibit '1' To Plaintiff's Motion To Seal Filed Concurrently Here- With- Given The Sealed Complaint Raises Common Questions of Law Regarding Efforts To Steal And Extort Plaintiff Holli And Her Wards Of Their Housing Rights In The State Of South Dakota – Or In The Alternative – File As A Severed action So That Plaintiff Can Immediately Prosecute The Motion For Emergency Permanent Injunction Attached As Exhibit '2' To The Motion To Seal." Dockets 73 and 74. After reviewing plaintiffs' filings, the court will allow plaintiffs thirty days to amend their complaint.

The original complaint in this matter concerns an alleged conspiracy to deprive plaintiffs of property in Provo, Utah. *See* Docket 1. After screening the complaint, the court directed service on

JP Morgan Chase Bank, Old Republic Insurance Co., Mel Hoffman, Los Angeles Homeowners Aid, Lilia Chavarin, American Modern Insurance Group, and First American Title Insurance Co.. Docket 15. Plaintiffs then filed an amended complaint and supplement. Dockets 27 and 47. The court has not yet screened plaintiffs' amended complaint and supplement. The amended complaint and supplement include previously dismissed defendants and new defendants and claims concerning an alleged conspiracy to deprive plaintiffs of property in Smith County, Texas. *See* Dockets 27 and 47. The emergency petition and supplement filed by plaintiffs includes new defendants and new claims concerning plaintiffs' attempts to secure financing to purchase a home in Rapid City, South Dakota. Docket 73 and 74.

This court will not, as plaintiffs request, direct the Clerk of Court to open a new action. If Ms. Holli Lundahl desires to open a new action, she must comply with the filing restrictions imposed in *Noble v. Am. Nat'l Prop. & Casualty Ins. Co.*, CIV. 17-5088-JLV, Docket 88. The restrictions are as follows:

> IT IS FURTHER ORDERED that Holli Telford (Lundahl), both individually and through a third person, and under any current or future aliases, is permanently enjoined from filing any further civil lawsuits, motions to intervene, or other pleadings in the United States District Court for the District of South Dakota unless:
> A. At the time of the filing of any pleading Ms. Telford has prepaid in full the applicable filing fee required by the Clerk of Court;
> B. The pleadings are signed pursuant to Fed. R. Civ. P. 11 by an attorney admitted to the court; or
> C. Ms. Telford (Lundahl) provides the Clerk of Court with a complaint or pleading including all of the following:
> > 1. As exhibit A to the submission a copy of this permanent injunction; and
> > 2. As exhibit B to the submission a declaration prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that the claim Ms. Telford (Lundahl)wishes to file is a new claim never before raised by her in any court in the District of South Dakota; and
> > 3. As exhibit C to the submission a listing by full caption of each and every lawsuit previously filed by Ms. Telford in any federal or state court against each and every defendant to the lawsuit she wishes to file; and
> > 4. As exhibit D to the submission attach a copy of each such previous complaint and a certified copy of its disposition; and

> 5. As exhibit E to the submission a list of any judgments or monetary sanctions previously imposed on Ms. Telford (Lundahl), or any person acting in concert with her, and the status of payment on any such financial obligation.
>
> D. If Ms. Telford (Lundahl) provides a submission under Part C, the judge presiding over the case shall review the submission and determine whether it will be approved for filing.
>
> IT IS FURTHER ORDERED that the Clerk of Court for the District of South Dakota shall not file any pleading on behalf of Ms. Telford (Lundahl) or anyone acting in concert with her unless the pleading complies with the directives prescribed above.

Rather, the court will construe plaintiffs' filings at Docket 73 and 74 as motions to amend complaint.

The court finds that plaintiffs fail to comply with the local rules governing motions to amend pleadings. Under the local rules:

> [A]ny party moving to amend a pleading will attach a copy of the proposed amended pleading to its motion to amend with the proposed changes highlighted or underlined so that they may be easily identified. If the court grants the motion, the moving party will file a clean original of the amended pleading with the clerk of court within 7 days.

D.S.D. Civ. LR 15.1. While pro se complaints must be liberally construed, pro se plaintiffs must still follow the court's local rules. *See Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (stating that pro se status does not entitle litigants to disregard Federal Rules of Civil Procedure or local rules). Because plaintiffs' filings fail to comply with this local rule, *see* Dockets 73 and 74, plaintiffs' motions to amend and supplement are denied.

All claims in an action must be included in one document. An amended complaint cannot merely add to the original complaint. An amended complaint must stand alone because it supersedes the original complaint. *Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) (citing *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000)). The court will not search through supplemental and prior pleadings in order to piece together plaintiffs' claims.

Plaintiffs have the right under Federal Rules of Civil Procedure 18(a) to join in one action all claims that they have against a particular person or entity, but they do not have the right to join in the same lawsuit numerous additional persons and sue them on disparate and unrelated claims. Rule 18(a)

3

states, "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Rule 20(a)(2) of the Federal Rules of Civil Procedure allows for joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action."

Proper joinder is important in pro se proceedings because it helps to minimize the confusion and expense, particularly for the misjoined defendants. Rule 21 of the Federal Rules of Civil Procedure permits a court on its own initiative to order severance of misjoined parties at any stage of the proceedings, including this one. *See Sanchez v. Johnson*, 2001 WL 1468049, *1 (5th Cir. 2001) (per curiam); *Payne v. Corrections Corp. of America*, 1999 WL 970295, *1 (6th Cir.1999) (per curiam); *Smith v. Berdanier*, 2005 WL 3488426, *3 (M.D. Pa. Dec. 21, 2005). Rule 21 states, however, that misjoinder should not be grounds for dismissal of the action. It is appropriate to give plaintiffs an opportunity to respond before the court upon its own initiative seeks to remedy an apparent misjoinder. As such, the court will allow plaintiffs to file an amended complaint.

For plaintiffs' benefit, the court will advise plaintiffs as to its thinking on the issue of joinder. The claims against HSBC aka HSBC Mortgage Services Inc. aka Beneficial Wyoming, Altisource Solutions, Smith County, Texas, Lois Mosley, Paul Kelley Jr., Paul Kelley Sr., Sandra Copeland, Julie Gross, Craig Steinley, Lance Lockwood, and Patrick Korrell do not appear to arise out of the same transactions or occurrences with respect to each other or with respect to the claims that survived screening. Consequently, the claims should be brought in separate actions. It is possible that the claims do arise from the same transaction or occurrence, but the current pleadings do not make that clear. Plaintiffs' assert that all claims are of a related subject matter: "efforts to steal property rights of plaintiff." *See* Docket 73. A related subject matter alone is insufficient to satisfy Rule 20. If the

4

claims do not arise from the same transaction or occurrence, plaintiffs must file each such claim in a separate action and comply with the filing restrictions above.

If plaintiffs amend their complaint, they must comply with local rule 15.1. Plaintiffs are warned that the court will not reverse its previous screening decision merely because they disagree with it. Plaintiffs are further warned that the filing of an amended complaint replaces the original complaint, supplements, and all previously-filed pleadings and exhibits, and therefore, they must include each and every one of the claims they wish to pursue in the amended complaint. *See, e.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id.*

Accordingly, it is ORDERED

1. Plaintiffs' motions to amend and/or supplement complaint (Docket 73 and 74) are denied.
2. Plaintiffs' motions to seal (Dockets 73, 74, 77) are granted.
3. Plaintiffs' shall have 30 days from the date of this order to file a motion to amend complaint. If plaintiffs do not file an amended complaint, this court will proceed with its screening of plaintiffs amended complaint at Docket 27.

Dated this 21st day of December, 2018.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK