UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| LOGAN LUNDAHL AND HOLLI LUNDAHL, | ) ) ) | 5:17-CV-05069-LLP |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | |
| JP MORGAN CHASE BANK; HSBC aka HSBC MORTGAGE SERVICES INC. aka BENEFICIAL WYOMING; MARY CORPORON; OLD REPUBLIC INSURANCE CO., MEL HOFFMAN, LOS ANGELES HOMEOWNERS AID, TRAVIS O'GORMAN and DEREK WEIMER in their administrative capacities; SMITH COUNTY, TX; LOIS MOSLEY; PAUL KELLEY JR.; ESTATE OF PAUL KELLEY SR.; SANDRA COPELAND; LILIA CHAVARIN, AMERICAN MODERN INSURANCE GROUP; NEIL LUND; DAVID GILBERTSON; CRAIG PFEIFLE in their administrative capacities; FIRST AMERICAN TITLE INSURANCE CO, DOES 1-10, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **DEFENDANT CHAVARIN'S OBJECTION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT IN COMPLIANCE WITH THE COURT'S ORDER AT DOC. 79 (Docket 88)** |
| Defendants. | ) | |

Defendant Lilia Chavarin, by and through a limited appearance of her undersigned counsel, respectfully objects to Plaintiff's Motion to Amend Complaint in Compliance with the Court's Order at Doc. 79 (Docket 88) and submits this brief in support.

# INTRODUCTION[1]

## I. The Original Complaint (Docket 1)

Plaintiffs Logan Lundahl and Holli Lundahl, filed a Complaint on September 6, 2017, naming fifteen named defendants and "Does 1-10". Docket 1. At the same time, plaintiffs also filed motions and affidavits to proceed *in forma pauperis*. Docket 3 and 4. On August 2, 2018, this court entered an Order Dismissing Complaint in Part and Directing Service in Part.[2] Docket 15. Chavarin was served on August 23, 2018. Docket 19.

## II. The First Amended Complaint (Docket 27)

After serving the initial Complaint, and prior to the running of 21 days, plaintiffs' filed a First Amended Complaint. Docket 27.

Chavarin, through a limited appearance of counsel, filed a Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(2) (Docket 41 & 42) and Motions to Join Defendants' Motions to Dismiss (Docket 45).

Plaintiffs' First Amended Complaint was filed September 13, 2018. Docket 27. It was twenty-one pages long, with 51 enumerated paragraphs of "general allegations." Docket 27. The First Amended Complaint named nineteen defendants, including Chief Justice David Gilberston and Presiding Judge Craig Pfeifle and three of the defendants

---

[1] Definitions include: "Holli" refers to plaintiff Holli Lundahl; "Logan" refers to plaintiff Logan Lundahl; "Plaintiffs" collectively refers to plaintiffs Holli and Logan Lundahl; "Chavarin" refers to defendant Lilia Chavarin.

[2] This court dismissed defendants Michele M. Christiansen, Travis O'Gorman, Derek Weimer, Carol Stouffer, Frankie Mooore, Carolyn Olsen, Neil Lund, and Mary Corporan under §§1915(e)(2)(B)(ii) and 1915A(b)(a), as well as Plaintiffs' fifth and sixth claimed causes of action. Docket 15.

2

previously dismissed by this Court, as well as "Does 1-10." Docket 27; *see also* Docket 15. At the end of their First Amended Complaint, plaintiffs stated: "Plaintiffs will supplement this First Amended Complaint with additional allegations within the week. . . . The Supplemental pleading under Rule 15(b) is expected to be filed within the week." Docket 27 at 20. The last page states "ALL EXHIBITS REFERENCED IN THE FIRST AMENDED COMPLAINT WILL BE ATTACHED TO THE SUPPLEMENT TO THE FIRST AMENDED COMPLAINT TO BE FILED SHORTLY HEREWITH." *Id.* at 21 (capitalization in original).

### III.    The Supplement to First Amended Complaint (Docket 47)

Nearly a month later, before this court issued a decision on the amended complaint (Docket 27), Plaintiffs' filed a document entitled "Supplement to First Amended Complaint" (Docket 47). This document, with Exhibits, was approximately 225 pages long. It purported to "supplement [plaintiffs'] First Amended Complaint." Docket 47. But instead of supplementing, as contemplated by Rule 15(d), this document added another defendant (bringing the total to twenty named defendants and "Does 1-10"), added 41 enumerated paragraphs of "general allegations" with completely new purported facts regarding events that all allegedly occurred *prior* to the original complaint being filed, asserted claims previously dismissed against defendants previously dismissed from the case (Corporon, Weimer, O'Gorman, and Lund), alleged Judge Pfeifle "colluded with the Chief Justice of the South Dakota Supreme Court", and added an additional cause of action (Actual Fraud Against All Defendants Except State Officials). *Id.*

3

Chavarin, through a limited appearance of counsel, filed an objection to plaintiffs' Supplement. Docket 54. The matter is fully briefed and is awaiting the court's decision.

### IV. Holli's Separate Motion to Supplement/Add Certain South Dakota Officials into the Action (Docket 74)

On December 18, 2018, Holli sought to add even more defendants to the action, alleging that certain "South Dakota officials have repeatedly defrauded and extorted" Holli, and adding new claims concerning plaintiffs' attempts to secure financing to purchase a home in Rapid City, South Dakota. Docket 74 at 4.

### V. Order (Docket 79)

On December 21, 2018, this Court entered an Order allowing plaintiffs thirty days to amend their complaint. Docket 79. This court advised plaintiffs if they did "not file an amended complaint, this court [would] proceed with its screening of plaintiffs' amended complaint at Docket 27." Docket 79 at 5.

### VI. Motion to Amend Original Complaint in Compliance with Court's Order at Doc. 79 (Docket 89)

Thirty-four days later, in willful disregard of this court's warning, Holli filed a Motion to Amend her Original Complaint, adding several more defendants (12 in total) and removing plaintiff Logan Lundahl from the caption. Docket 86.

### VII. Notice of Filing Error of Motion to Amend

Ten days after that, Holli filed a notice of filing error, which noted "Motion to Amend/Correct, was filed in error and should be disregarded."

### VIII. Motion to Amend Original Complaint in Compliance with Court's Order at Doc. 79 and Verified First Amended Complaint (Docket 88; Docket 88-1).

Subsequently, on February 1, 2019 – 43 days after this Court's December 21, 2018 Order –Holli filed yet another Motion to Amend her Original Complaint. Docket 88. Ironically, the caption notes it is "in compliance with the Court's Order at Doc. 79." Docket 88. But, as pointed out by Defendant American Modern Insurance, Holli's latest "Verified First Amended Complaint," attached to her present motion to amend, is anything but "in compliance with the Court's Order at Doc. 79. *See* Docket 89 at 1-4. Moreover, it was filed thirteen days late. Twenty-seven to twenty-nine defendants (the captions on the motion and attached verified complaint vary) are now specifically named in this action, including two who were previously dismissed by this Court (*See* Docket 15, dismissing Derek Weimer and Travis O'Gorman), Chief Justice David Gilbertson of the Supreme Court of South Dakota, multiple county district courts, the Wyoming and South Dakota Departments of Transportation, and the Wyoming Attorney General's Office. Docket 88-1.

As American Modern properly observed, the "universe of potential defendants expands at an exponential rate with every month" (or even by day), "and unless this Court brings this inflationary process to an end, this action will likely soon include every state official and most business in South Dakota and several adjoining states." Docket 89. Chavarin respectfully requests that this court deny Holli's motion to amend, and rule on

the many pending dispositive motions concerning plaintiffs' numerous prior frivolous pleadings.

## ARGUMENT

### I. Holli Failed to File her Motion to Amend Complaint within the Time Prescribed by the Court and Violated this Court Order.

This court's December 21, 2018 order made clear that "Plaintiffs shall have 30 days from the date of this order to file a motion to amend complaint." Docket 79 at 5. Thus, Holli had until Monday, January 21, 2019, to file a motion to amend the complaint. Holli failed to do so. Instead, Holli filed her Motion to Amend Complaint on January 23, 2019, withdrew it, and then ultimately filed her latest motion to amend on February 1, 2019 – 43 days after this Court's December 21, 2018 Order. Accordingly, Holli's motion is not in compliance with this court's Order, and should be denied on this basis alone.

For sake of brevity and judicial economy, Chavarin joins and incorporates by this reference, as though fully set forth herein, American Modern's arguments in regards to how plaintiff's amended complaint violates this Court's December 21, 2018 Order. Docket 89 at 1-4.

### II. The Amended Complaint is Futile

Again, it is clear that Holli's theory to support personal jurisdiction over Chavarin is an alleged existence of a RICO civil conspiracy under 18 U.S.C. § 1965(c) to "to extort [plaintiff] into some kind of false confession" by initiating criminal prosecutions against Holli in Utah and Idaho over ten years ago. Docket 88-1 at ¶ 24-24, 28, 33-34; *see also* ¶

107-108. Docket 88-1 at 2-3. However, as fully addressed in Chavarin's Reply Brief in Support of Motion to Dismiss Plaintiffs' First Amended Complaint,

> Plaintiffs have failed to plead with the required particularity [in the Verified First Amended Complaint] that Chavarin "objectively manifested an agreement to participate" in any alleged RICO conspiracy, *Moravian Dev. Corp.*, 651 F. Supp. at 148, or that she ever "shared a common link or scheme" with any other defendant. *Waldner,* 277 F.R.D. at 417. Rather, Plaintiffs merely argue that Chavarin was, "in some incomprehensible manner . . . connected" to this alleged conspiracy. *Id*. at 416. Since the "mere possibility, based on speculation, that [Chavarin] conspired with [others] is not enough to meet the strict constitutional standards that govern personal jurisdiction," *SFRL, Inc.*, 2011 WL 4479065, *5, Plaintiffs' jurisdictional theory based on 18 U.S.C. §1965 fails[.]

Docket 62.[3]

Indeed, the gravamen of Holli's amended complaint is that Holli's Utah property was taken from her due to a series of fraudulent misrepresentations to persons and courts over a period of two decades which resulted in her loss of property and her incarceration. Holli alleges that numerous persons, corporations, officials, and courts conspired against her in <u>various manners/different conspiracies</u> in the States of Utah, Texas, Idaho, Wyoming, and now South Dakota. *See e.g.* Docket 88-1 at ¶¶ 106-108 and ¶¶ 109-114, alleging separate conspiracies.

As it relates to Chavarin, Holli alleges that at some point between 2003 and 2005, Chavarin "conspired" with Los Angeles Homeowners Aid (LAHA) and Washington

---

[3] For purposes of brevity and judicial economy, Chavarin incorporates by this reference, as though fully set forth herein, all arguments asserted in her Brief in Support of Motion to Dismiss Plaintiffs' First Amended Complaint (Docket 42); Reply Brief in Support of Motion to Dismiss Plaintiffs' First Amended Complaint (Docket 62); Objection to Plaintiffs' Supplement to First Amended Complaint (Docket 54); and Reply Brief in Support of Objection to Plaintiffs' Supplement to First Amended Complaint (Docket 68).

7

Mutual Bank (WAMU) "to accuse [Holli] of forging Chavarin's WAMU bank notary onto [Holli's] declarations filed In the American fork [sic] action and in another case in Idaho pending against FAT." Docket 88-1. Chavarin allegedly conspired with the other defendants to initiate not one, but three separate criminal prosecutions against Holli in <u>Utah</u> and <u>Idaho</u> "to extort [Holli] into some kind of false confession." Docket 88-1 at ¶ 24-24, 28, 33-34; *see also* ¶ 107-108.

For this court to have personal jurisdiction over Chavarin for this alleged "malicious prosecution" RICO conspiracy, Holli must show:

> (1) the district court has traditional personal jurisdiction based on the minimum contacts analysis over at least one defendant [of the conspiracy]; **and** (2) the district court has personal jurisdiction over non-resident defendants who are alleged co-conspirators if the "ends of justice" require the court to have this jurisdiction.

*Waldner v. N. Am. Truck & Trailer, Inc.*, 277 F.R.D. 401, 412 (D.S.D. 2011) (citations omitted) (emphasis added). The alleged members of this RICO conspiracy are WAMU, LAHA, and Chavarin. There is nothing in this latest First Amended Complaint that alleges any connection or contacts between WAMU, LAHA, or Chavarin with South Dakota. Moreover, there is no allegation that any of these alleged conspirators undertook a single act against Holli in South Dakota. There is simply no connection between Holli's "malicious prosecution claim" and South Dakota, and it clearly cannot be said that this action is brought "where suits are normally expected to be brought," which this court identified as the fundamental consideration in deciding whether the "ends of justice"

8

allow the assertion of personal jurisdiction under 18 U.S.C. § 1965. *Waldner,* 277 F.R.D. at 412.

Moreover, under this "conspiracy theory" of jurisdiction, there must have been "an overt act by a co-conspirator within the forum, subject to the long-arm statute, and in furtherance of the conspiracy." *Globe Metallurgical, Inc. v. Rima Indus. S.A.*, 177 F. Supp. 3d 317, 330 (D.D.C. 2016) (quotation omitted). Holli alleges no overt acts in the furtherance of this alleged "malicious prosecution" conspiracy within South Dakota.

Yet even if such allegations had been made, it remains the case that "to prevail on such a theory of personal jurisdiction, [Holli] must allege (1) the existence of a civil conspiracy [and] (2) the defendant's participation in the conspiracy." *Globe Metallurgical, Inc. v. Rima Indus. S.A.*, 177 F. Supp. 3d 317, 330 (D.D.C. 2016), and "'bald speculation' or a 'conclusory statement' that individuals are co-conspirators is insufficient to establish personal jurisdiction under a conspiracy theory." *Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020, 1031 (D.D. Cir. 1997), cited approvingly by this court in *SFRL, Inc. v. Galena State Bank & Trust Co.*, 2011 WL 4479065*4 (D.S.D. 2011). Holli must "assert that each defendant so charged has 'by his words or actions...objectively manifested an agreement to participate, directly or indirectly, in the affairs of an enterprise through the commission of two or more predicate crimes.'" *Moravian Dev. Corp. v. Dow Chem. Co.*, 651 F. Supp. 144, 148 (E.D. Pa. 1986) (emphasis added) (citation omitted). Plaintiff still fails to allege any facts whatsoever to

9

Case 5:17-cv-05069-LLP Document 92 Filed 02/22/19 Page 10 of 12 PageID #: 2207

show that Chavarin ever manifested an agreement to "'cooperate in the object of the conspiracy.'" *U.S. v. Richmond*, 700 F.2d 1183, 1190 (8th Cir. 1983).

Accordingly, like her original amended complaint (and "supplement"), this latest First Amended Complaint is futile and Holli's belated request to file should be denied. *Wheeler v. Hruza*, No. CIV 08-4087, 2010 WL 2231959, at *1 (D.S.D. June 2, 2010) (explaining "[d]enial of a motion for leave to amend on the basis of futility "means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.").

### III. Chavarin would be prejudiced by this amendment.

Finally, "allowing the amendment would be unduly prejudicial to defendants who [will have] to refile and rebrief their motion to dismiss…to accommodate [Holli's latest] amendment." *Johnson v. City of New York*, 669 F. Supp. 2d 444, 453 (S.D.N.Y. 2009); *see also Waldner*, 277 F.R.D. at 418. In this case, Holli has filed multiple pleadings purportedly "amending" and/or "supplementing" her original complaint. Docket 27, 47, 74, 86, 86-1, 88, 88-1. With the exception of her first amended complaint (Docket 27), none of these pleadings comport with this court's local rules. And each time, Chavarin, and the other numerous other defendants in the matter, are forced to expend considerable time, effort, and expense to respond, repeatedly rebriefing their motions to dismiss. This matter is currently at docket number 89, and no defendant has even filed an answer.

Based on all of the above, it would be unduly prejudicial to all these defendants, including Chavarin, to allow this latest amendment.

## CONCLUSION

Based on all of the above, Chavarin respectfully requests that this court deny the motion to amend, and to proceed to rule on the pending motions to dismiss before Holli files any further frivolous filings, requiring this court to further waste judicial resources and defendants to unnecessarily incur additional expenses.

Dated February 22, 2019.

                                   LYNN, JACKSON, SHULTZ & LEBRUN, P.C.

                By: */s/ Cassidy M. Stalley*
                     Cassidy M. Stalley
                     Jeffery D. Collins
                     Attorneys for Defendant
                     909 St. Joseph Street, Suite 800
                     Rapid City, SD  57701-3301
                     605-342-2592
                     cstalley@lynnjackson.com
                     jcollins@lynnjackson.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2019, I sent to:

Mr. Logan Lundahl
885 US Hwy 385
Oelrichs, SD 57765
logan.lundahl.1@gmail.com

Ms. Holli Lundahl
PO Box 105
Hot Springs, SD 57747
hollilundahl@gmail.com

Mr. Terry G. Westergaard
Bangs, McCullen, Butler, Foye & Simmons
333 West Blvd., Suite 400
PO Box 2670
Rapid City, SD 57709-2670
twestergaard@bangsmccullen.com

Ms. Heather Lammers Bogard
Costello, Porter, Hill, Heisterkamp, Bushnell & Carpenter, LLP
704 St. Joseph Street
PO Box 290
Rapid City, SD 57709-0290
hbogard@costelloporter.com

Mr. Tyler W. Haigh
Evans, Haigh & Hinton, LLP
101 N. Main Avenue, Ste. 213
PO Box 2790
Sioux Falls, SD 57101-2790
thaigh@ehhlawyers.com

Mr. Mark W. Haigh
Evans, Haigh & Hinton, LLP
101 N. Main Avenue, Ste. 213
PO Box 2790
Sioux Falls, SD 57101-2790
mhaigh@ehhlawyers.com

by Notice of Electronic Filing generated by the CM/ECF system, a true and correct copy of **Defendant Chavarin's Objection to Plaintiff's Motion to Amend Complaint in Compliance with the Court's Order at Doc. 79** relative to the above-entitled matter.

*/s/ Cassidy M. Stalley*
Cassidy M. Stalley