UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| LOGAN LUNDAHL, HOLLI LUNDAHL,<br><br>Plaintiffs,<br><br>vs.<br><br>JP MORGAN CHASE BANK, OLD REPUBLIC INSURANCE CO., MEL HOFFMAN, LOS ANGELES HOMEOWNERS AID, LILIA CHAVARIN, AMERICAN MODERN INSURANCE GROUP, FIRST AMERICAN TITLE INSURANCE CO., DOES 1-10, HSBC, SMITH COUNTY, TX, LOIS MOSLEY, PAUL KELLEY JR., SANDRA COPELAND, DAVID GILBERTSON, IN THEIR ADMINISTRATIVE CAPACITIES; CRAIG PFEIFLE, IN THEIR ADMINISTRATIVE CAPACITIES; AND AMERICAN TITLE INSURANCE CO.,<br><br>Defendants. | 5:17-CV-05069-LLP<br><br>ORDER |

Plaintiffs, Logan Lundahl and Holli Lundahl ("plaintiffs") filed a pro se action against defendants and requested leave of in forma pauperis, which was later granted. Dockets 1, 2, 3, and 15. In their amended complaint the plaintiffs allege:

> (1) Violations of the Federal Racketeering Act[;] . . . (2) Violations of the Fair Housing Amendments Act . . . and its retaliation provisions[;] . . . (3) The Federal Computer Fraud and Abuse Act[;] . . . (4) violat[ion] and conspiracy to violate the Federal Civil Rights Act; . . . (5) Prospective Injunctive and declaratory relief under the Ex Parte Young Doctrine; (6) for Supplemental jurisdiction over Plaintiff's state law claims for (a) false arrest/false imprisonment; (b) abuse of process; (c) Malicious prosecution; (d) slander and libel under South Dakota law; (e) Constructive fraud and deceit; (f) Breach of Unfair Trade Practices in Utah and South Dakota; (g) criminal and civil conspiracy [;] [and] (h) tortious interference with Plaintiff's economic advantages[.]

Docket 27 at 1-2. Motions pending before this Court are Dockets 31, 34, 36, 41, 45, 55, 63, and 88. Each of the motions in Dockets 31, 34, 36, and 41 include a motion to dismiss due to lack of personal jurisdiction over the prospective defendant. This Court grants the motions to dismiss due to lack of personal jurisdiction in Dockets 31, 34, 36, and 41. Therefore, any remaining motions in those dockets have become moot. Dockets 31, 34, 36, and 41. The Court grants the motions to dismiss due to lack of personal jurisdiction because of the rationale set out below. Furthermore, motions in Docket 45 (Defendant Lilia Chavarin's motion to join . . . motions to dismiss), Docket 55 (Defendant, American Modern Insurance Group's motion to join the motion in Docket 47) and Docket 63 (First American Title Co.'s motion to join motion in Docket 47) have now become moot. Plaintiffs motion to amend in Docket 88 was untimely filed and therefore the motion is denied.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) regarding lack of personal jurisdiction "permits the district court to notice a jurisdictional challenge 'at any time during the pendency of the proceedings.'" *Waldner v. N. Am. Truck & Trailer, Inc.*, 277 F.R.D. 401, 411-12 (D.S.D. 2011) (quoting *United States v. Patton*, 309 F.3d 1093, 1094 (8th Cir. 2002)). "The party asserting personal jurisdiction bears the burden of establishing a prima facie case, and the burden does not shift to the party challenging jurisdiction." *Nichols v. MMIC Ins. Inc.*, 68 F.Supp.3d 1067, 1071 (D.S.D. 2014); *see Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 647 (8th Cir. 2003).

Plaintiffs allege that this forum has personal jurisdiction over the defendants under 18 U.S.C. § 1965 a Racketeer Influenced and Corrupt Organizations ("RICO") statute. The Eighth Circuit has not addressed the "bounds of personal jurisdiction under" 18 U.S.C. § 1965. *Waldner*, 277 F.R.D. at 412. However, this Court has adopted the narrower view of the Second Circuit

regarding 18 U.S.C. § 1965. *Id.; PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 71 (2d Cir. 1998).

The Second Circuit noted that 18 U.S.C. § 1965 must be read in its entirety. *PT United*, 138 F.3d at 71. Section 1965:

> [D]oes not provide for nationwide personal jurisdiction over every defendant in every civil RICO case, no matter where the defendant is found. First § 1965(a) grants personal jurisdiction over an initial defendant in a civil RICO case to the district court for the district in which that person resides, has an agent, or transacts his or her affairs. In other words, a civil RICO action can only be brought in a district court where personal jurisdiction based on minimum contacts is established to at least one defendant.

*Id.* Furthermore, to establish personal jurisdiction over the "other parties" there must be a showing that the "ends of justice so require." *Id.*

This Court had adopted the Second Circuit's test to determine whether personal jurisdiction is found under 18 U.S.C. § 1965: "(1) [whether] the district court has traditional personal jurisdiction based on minimum contacts analysis over at least one defendant; and (2) [whether] the district court has personal jurisdiction over non-resident defendants who are alleged co-conspirators if the 'ends of justice' require the court to have this jurisdiction." *Waldner*, 277 F.R.D. at 412; *see PT United*, 138 F.3d at 71-72; *see also Butcher's Union Local No. 498 v. SDC Inv. Inc.*, 788 F.2d 535, 538 (9th Cir. 1986).

In *Waldner*, this Court found that there was personal jurisdiction under both prongs set forth by the adopted test. The first prong was successful because "a number of defendants. . . [were] headquartered or incorporated in South Dakota, meet[ing] the minimum contacts analysis. Under the second prong, the 'ends of justice' are met if the action is brought 'where suits are normally expected to be brought." *Waldner*, 277 F.R.D. at 412.; (quoting *PT United Can*, 138 F.3d at 71-71.). Moreover, "Congress has expressed a preference in § 1965 to avoid, where possible, haling defendants into far flung fora.' " *Id.* In *Waldner*, this Court reasoned that because many

3

defendants were domiciled in South Dakota and the majority were located in Iowa or Minnesota then it was foreseeable they would be brought to suit in South Dakota. *Waldner*, 277 F.R.D. at 412.

## DISCUSSION

Because plaintiffs have filed their claim pro se, it will be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013).

The Eighth Circuit has held that "[t]o survive a motion to dismiss, the plaintiff must state sufficient facts in the complaint to support a reasonable inference that defendants may be subjected to jurisdiction in the forum state." *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008); *see Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004).

This Court must address whether plaintiffs have established the minimum contacts standards for personal jurisdiction and whether justice requires suit in this forum. Traditional "minimum contacts" are required by due process and bringing the suit in the forum state cannot offend "traditional notions of fair play and substantial justice." *Steinbuch*, 518 F.3d at 585-86; *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 386, 291-92 (1980). When establishing minimum contacts with the forum state the court will "focus [] on whether the defendant purposely availed itself of the privilege of conducting activities within the forum state and thereby invok[ing] the benefits and protections of its laws." *Steinbuch*, 518 F.3d at 586; *see Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

Personal jurisdiction and minimum contacts can be recognized through two theories: general or specific jurisdiction. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408-

4

414-15 (1984). General jurisdiction may be exercised when the defendant has "carried on in the forum state a continuous and systematic, even if limited, part of its general business; in such circumstances the alleged injury need not have any connection with the forum state. *Steinbuch*, 518 F.3d at 586; *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 779 (1984). Furthermore, the plaintiff must make a prima facie case that the defendant's contacts were not "random," "fortuitous," or "attenuated." *Keeton*, 465 U.S. at 774.

Specific jurisdiction arises when the injury occurs in the forum state or the injury that gave rise to the claim had some connection with the forum state. The court will look at whether the defendant "purposely directed its activities at the forum state and the claim arose out of or relates to those activities." *Steinbuch*, 518 F.3d at 586; *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). The Eighth Circuit evaluates the defendant's contacts by considering five factors: affording the first three primary importance:

> 1) the nature and quality of the defendant's contacts with the forum state; 2) the quantity of such contacts; 3) the relation of the cause of action to the contacts [immaterial for general jurisdiction]; 4) the interests of the forum state in providing a forum for its residents; and 5) the convenience of the parties.

*Steinbuch*, 518 F.3d at 586; *Burlington Industries, Inc. v. Maples Industries, Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996).

Even after being liberally construed, the only facts that plaintiffs have set forth regarding personal jurisdiction in their amended complaint were:

> [D]efendants CHASE, OLD REPLUBLIC, AMERICAN MODERN, FIRST AMERICAN TITLE, and HSBC all do general business in this state and may be served Plaintiffs process within this state. Under *Waldner v. Northern American Truck and Trailer*, CV10-4056 (D.S.D. 2011) where one defendant meets minimum contacts under RICO, all defendants may be brou[g]ht into the forum.).

Docket 27 at 3. Even with liberal construction, this is not enough to show minimum contacts for a single defendant and plaintiffs do not show facts that justice so requires personal jurisdiction to be

5

found. Plaintiffs responded to the first motion to dismiss for lack of personal jurisdiction (Docket 31), however they argued that "AMIG stood ready to testify for the state of South Dakota . . . and motive to remains intact." Docket 49 at 19. This contact with the forum is not sufficient to create minimum contacts. In Docket 58, plaintiffs opposed Docket 36 with case law describing 18 U.S.C. § 1965 and restated the claim of defendants having "general business" as they argued in their amended complaint. Plaintiffs opposition to Docket 41 is similar to their opposition set out in Docket 58. *See* Docket 59.

In their amended complaint and any opposition to motions to dismiss plaintiffs do not address the extent of each individual defendants' general business, nor the quantity of their contacts. Plaintiffs have failed to allege facts that any of the defendants' general business is "continual and systematic", rather than "random," "fortuitous," or "attenuated." *See Keeton*, 465 U.S. at 774. Plaintiffs do not address the interests of the forum state or the convenience of this lawsuit to all parties. Because plaintiffs have failed to show that one defendant has minimum contacts with this forum, all motions to dismiss due to lack of personal jurisdiction are granted due to 18 U.S.C. § 1965. Dockets 31, 34, 36, and 41. Moreover, any other issue brought up in these motions is moot because personal jurisdiction has not been established over the defendants. Dockets 31, 34, 36, 41, and 45.

### Dockets 63 and 55 are Moot

American Modern Insurance Group's motion for joinder to Lilia Chavarin's supplement to the first amended complaint (Docket 55) is now moot, as plaintiffs have not established that this forum has personal jurisdiction over American Modern Insurance Group. Furthermore, First American Title Insurance Company's motion for joinder in Lilia Chavarin's objection to

plaintiffs' supplement to the first amended complaint (Docket 63) is now moot for the previously stated reason.

### This Court Denies Plaintiffs' Motion to Amend Complaint (Docket 88)

This Court dismisses plaintiffs' motion to amend original complaint (Docket 88) due to noncompliance with this Court's orders. Plaintiffs were given "30 days to file a motion to amend complaint. If plaintiff does not file amended complaint, the court will proceed with its screening of plaintiffs' amended complaint at Docket 27." Docket 79. This order was filed on December 21, 2018. *Id.* Because the Court stated a number in days the time shall be computed under Federal Rule of Civil Procedure 6(a)(1)(A-C). FED. R. CIV. P. 6(A)(1)(A-C). Under Rule 6 a time stated in a number of days is computed by excluding the day the time was entered (this order was entered on December 21, 2018, making the beginning of the time computation December 22, 2018) each day following is counted, including every Saturday, Sunday, and legal holiday. FED. R. CIV. P. 6(A)(1)(A-C); Docket 79. Therefore, the motion to amend was due on January 20, 2019, and plaintiffs did not file their motion to amend with a proposed 286 page amended complaint until February 1, 2019. Docket 88. Plaintiffs' motion to amend their complaint is untimely, therefore the motion is denied (Docket 88).

### Notice to the Court and Plaintiffs

This Court would like to reiterate Chief Judge Viken's previous order in *Noble*:

> IT IS FURTHER ORDERED that Holli Telford [also known as Holli Lundahl], both individually and through a third person, and under any current or future aliases, is permanently enjoined from filing any further civil lawsuits, motions to intervene, or other pleadings in the United States District Court for the District of South Dakota unless:
>
> A. At the time of the filing of any pleading Ms. Telford has prepaid in full the applicable filing fee required by the Clerk of Court;

7

B. The pleadings are signed pursuant to Fed. R. Civ. P. 11 by an attorney admitted to the court; or

C. Ms. Telford provides the Clerk of Court with a complaint or pleading including all of the following:

    1. As exhibit A to the submission a copy of this permanent injunction; and

    2. As exhibit B to the submission a declaration prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that the claim Ms. Telford wishes to file is a new claim never before raised by her in any court in the District of South Dakota; and

    3. As exhibit C to the submission a listing by full caption of each and every lawsuit previously filed by Ms. Telford in any federal or state court against each and every defendant to the lawsuit she wishes to file; and

    4. As exhibit D to the submission attach a copy of each such previous complaint and a certified copy of its disposition; and

    5. As exhibit E to the submission a list of any judgments or monetary sanctions previously imposed on Ms. Telford, or any person acting in concert with her, and the status of payment on any such financial obligation.

D. If Ms. Telford provides a submission under Part C, the judge presiding over the case shall review the submission and determine whether it will be approved for filing.

IT IS FURTHER ORDERED that the Clerk of Court for the District of South Dakota shall not file any pleading on behalf of Ms. Telford or anyone acting in concert with her unless the pleading complies with the directives prescribed above.

Dated February 26, 2018.

*Noble v. Am. Nat'l Prop. & Cas. Ins. Co.*, 297 F. Supp. 3d 998, 1013-14 (D.S.D. 2018).

IT IS ORDERED:

1. That defendants' motions to dismiss due to lack of personal jurisdiction (Dockets 31, 34, 36, 41) are granted. Furthermore, any requisite argument within these motions (Dockets 31, 34, 36, and 41) are moot.

2. That defendant's motion (Docket 45) is moot.

8

3. That defendants' motions (Dockets 55 and 63) to join are moot.

4. That plaintiffs' motion to amend their complaint (Docket 88) was untimely filed per this Court's order and therefore denied.

5. That this case be dismissed without prejudice in its entirety as this Court does not have personal jurisdiction over any of the stated defendants.

DATED August 12, 2019.

BY THE COURT:

*(signature)*
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK
*(signature)*