# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH DAKOTA
# WESTERN DIVISION

| | |
|---|---|
| LOGAN LUNDAHL, HOLLI LUNDAHL ) | 5:17-CV-05069 LLP |
| Plaintiffs, ) | |
| v. ) | |
| JP MORGAN CHASE BANK, MICHELE ) | |
| M. CHRISTIANSEN, in her official ) | |
| capacity; MARY CORPORON, OLD ) | |
| REPUBLIC INSURANCE CO., MEL ) | |
| HOFFMAN, LOS ANGELES ) | **REPLY TO PLAINTIFF HOLLI** |
| HOMEOWNERS AID, TRAVIS ) | **LUNDAHL'S MOTION FOR** |
| O'GORMAN, in his official capacity; ) | **RULE 54(b) CERTIFICATION** |
| DEREK WEIMER, in his official capacity; ) | **AND OTHER PETITIONS AND** |
| CAROL STOUFFER, in her official ) | **MOTIONS** |
| capacity; FRANKIE MOORE, in her official ) | |
| capacity; LILIA CHAVARIN, AMERICAN ) | |
| MODERN INSURANCE GROUP, ) | |
| CAROLYN OLSON, in her official capacity; ) | |
| NEIL LUND, in his official capacity; FIRST ) | |
| AMERICAN TITLE INSURANCE CO., ) | |
| DOES 1-10, ) | |
| Defendants. ) | |

**COMES NOW**, Defendant American Modern Insurance Group ("AMIG"), by and through its counsel of record and for the reasons argued below requests that this court deny Plaintiff's motion for rule 54(b) certification and petition for permission to file complaint.

## PROCEDURAL POSTURE

On or about September 6, 2017 Plaintiffs filed their original complaint with this court alleging a litany of claims relating to a supposed dispute over residential real estate in Utah beginning in 1995. According to Plaintiffs' original Complaint, the instant case has been brought in multiple states, all of which have been dismissed due to a lack of prosecution, a lack of

1

personal jurisdiction, or dismissed for failure to state a claim. Throughout this case, Plaintiffs filed a series of motions and responses in an effort to keep their alleged claims in front of this Court, despite the utter lack of personal jurisdiction pled by Plaintiffs.

On or about, August 12, 2019 this court entered its order and judgment dismissing Plaintiffs' claims for lack of personal jurisdiction to hear the alleged claims of Plaintiffs. Docket Documents 98 and 99. Despite this order, Plaintiff Holli Lundahl continues to file motions and documents in support of her motions, including a motion to amend judgment and reinstate Plaintiffs' case, a supplemental motion to amend this court's judgment (filed twice) (included Plaintiff Logan Lundahl's signature), a motion to amend "by removing parties not yet authorized to proceed under pre-filing order entered against plaintiff by Judge Viken," a motion for rule 54(b) certification of dismissed parties, and a petition for permission to file another complaint. At this time no determination has been made on Plaintiffs' requests.

## ARGUMENT

Despite the finality of this Court's ruling, Defendant AMIG files this response to prevent Plaintiffs from filing further motions in this case, request a denial of all of Plaintiffs' pending motions, and require that any future claims by Plaintiffs are filed pursuant to the order of this Court. Mainly this argument will seek to refute Plaintiffs' request for Rule 54(b) certification, the petition to file another complaint, and to reinstate Plaintiffs' case against AMIG.

**1.  Rule 54(b) is inapplicable in this case and therefore Plaintiff's request for certification must be denied.**

This court has rendered a judgment on all parties and claims of the Plaintiffs and therefore Rule 54(b) is inapplicable. Pursuant to Rule 54(b) "when an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or

when multiple parties are involved, the court may direct entry of a final judgment as to one or more, *but fewer than all*, claims or parties only if the court expressly determines that there is no just reason for delay… any order or other form of decision, however designated, *which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties* . . . is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Fed. R. Civ. P. 54(b)." (Emphasis added). On the face of the rule, it states that 54(b) may only be used in instances where fewer than all of the claims will be determined or fewer than all Defendants are dismissed. Here, this Court has rendered its judgment as to all of the Defendants and all of the Plaintiffs' claims. On its face the rule is inapplicable.

      Rule 54(b) contains two parts. 1. The ability of district courts to enter final judgments on a part of case in order for an appeal to move forward and 2. the ability of courts to revisit interlocutory judgments. Nevertheless, under either interpretation of the rule, courts have found that its language is applicable when a court has rendered judgment on only a part of a claim or upon one defendant. Supporting this argument, the 8th circuit court of appeals has stated that "Rule 54(b) empowers district courts to enter *final judgment on some but not all of the claims in a multiple claim action* 'only upon an express determination that there is no just reason for delay.'" Hayden v. McDonald, 719 F.2d 266, 268 (8th Cir. 1983) (emphasis added). Further, the D.C. circuit has stated that "Rule 54(b) governs reconsideration of *orders that do not constitute final judgments in a case*." Cobell v. Norton, 224 F.R.D. 266, 271 (D.D.C. 2005) (emphasis added).

      Under either interpretation of allowance under the Rule, Plaintiff is misguided in her use of Rule 54(b) to seek relief from this Court's final ruling on the case. No claims remain and no

3

defendants remain to be liable for any claims. Thus, the application of Rule 54(b) here is completely without merit.

**2.     The Petition filed with this court is not signed by an attorney as required by Chief Judge Viken's Order in *Noble*.**

Pursuant to Chief Judge Viken's Order in Noble, Holli Telford AKA Holli Lundahl, one of the Plaintiffs in this case, is required, upon the filing of any civil lawsuit in the United States District Court for the District of South Dakota, to have an attorney admitted to practice in front of the same sign any pleadings pursuant to Fed. R. Civ. P. 11. See Noble v. Am. Nat'l Prop. & Cas. Ins. Co, 297 F. Supp. 3d 998 (D.S.D. 2018) (Court's ruling here incorporating the Noble Order limiting Plaintiff Holli Telford's access to the District of South Dakota Federal Court). Ms. Lundahl's Petition does not include such a signature from a licensed attorney. She continues to file pleadings on her own behalf and signed in her own name, despite this Court's direct order. As such any petition filed with this Court for further pleadings must be rejected and/or denied.

**3.     Relief under Rule 59(e) must be denied as Plaintiffs have wholly failed to meet the requirements of the rule.**

Plaintiffs' request for relief under 59(e) must also be denied as Plaintiffs have failed to state any of the requisites elements for reconsideration under the Rule. Under Rule 59(e), a party may make a motion to "alter or amend a judgment" which "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).  The Rule was adopted to allow a district court "to correct its own mistakes in the time period immediately following entry of judgment." White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445 (1982). However, such reconsideration serves only the "limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414

(8th Cir. 1988). Thus, such motions are not proper for introducing "new evidence, tender[ing] new legal theories, or rais[ing] arguments which could have been offered or raised prior to entry of judgment." Id.

Here Plaintiffs are attempting to provide "new" evidence and arguments that could have been brought at the time of amendment of Plaintiffs' Complaint in order to create a "manifest error" to this court. No such error exists. Plaintiffs had more than sufficient time and opportunity to include additional facts about the jurisdictional grounds with regard to all of the defendants named in Plaintiffs' original, amended complaint, and additional grant to further amend (not taken advantage of by Plaintiffs). However, Plaintiffs failed to plead any of the arguments/facts presented in their motion to reconsider, despite the information and knowledge being readily available to Plaintiffs. Plaintiffs have presented no evidence as to why this information was not available to them prior to judgment in this case, nor has she asserted how the court has made a manifest error of law based on the facts available to it at judgment. As in other cases decided by 8th Circuit, the information presented "is merely a newly created opinion based on facts known to or accessible by [the Lundahls] at the time of [judgment] and cannot warrant relief under Rule 59(e)." United States v. Metropolitan St. Louis Sewer Dist., 440 F.3d 930, 935 (8th Cir. 2006).

This case does not present the "extraordinary circumstances," see United States v. Young, 806 F.2d 805, 806 (8th Cir. 1987), which ae required for reconsideration of the judgment against Plaintiffs and therefore Plaintiff Holli Lundahl's motion must be denied.

## CONCLUSION

For all the reasons stated, AMIG urges this Court to deny Plaintiffs' Motions and Petition. AMIG also requests fees and costs incurred in order to respond to her frivolous motions and petitions.

Dated this 2nd day of October, 2019.

                                **COSTELLO, PORTER, HILL, HEISTERKAMP, BUSHNELL & CARPENTER, LLP**

                                By: _/s/ Heather Lammers Bogard_____
                                    Heather Lammers Bogard
                                    Megan A. Krueger
                                    PO Box 290
                                    Rapid City, SD  57709
                                    (605) 343-2410
                                    hbogard@costelloporter.com
                                    *Attorneys for Defendant*
                                    *American Modern Ins. Group*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she served a copy of the foregoing document, upon the persons herein next designated, on the date below shown, by placing the same in the service indicated:

| | |
|---|---|
| Logan Lundahl | [] US Mail, postage prepaid |
| Pro Se | [] Hand Delivery |
| 885 U.S. Hwy 385 | [x] CM / ECF |
| Oehlrichs, SD 57765 | [] Electronic Mail |
| logan.lundahl.1@gmail.com | |
| | |
| Holli Lundahl | [] US Mail, postage prepaid |
| P.O. Box 105 | [] Hand Delivery |
| Hot Springs, SD  57747 | [x] CM / ECF |
| hollilundahl@gmail.com | [] Electronic Mail |
| | |
| Cassidy Stalley | [] US Mail, postage prepaid |
| Jeff Collins | [] Hand Delivery |
| Lynn, Jackson, Shultz, Lebrun | [x] CM / ECF |
| 909 St Joseph St Suite 800 | [] Electronic Mail |
| Rapid City, SD 57701 | |
| Attorneys for Defendant Chavarin | |
| cstalley@lynnjackson.com | |
| jcollins@lynnjackson.com | |
| | |
| Terry Westergaard | [ ] US Mail, postage prepaid |
| Bangs, McCullen, Butler, Foye & Simmons | [ ] Hand delivery |

| | |
|---|---|
| PO Box 2670 | [x] CM / ECF |
| Rapid City, SD  5770 | [ ] Electronic Mail |
| Attorneys for Defendant | |
| First American Title Company | |
| twestergaard@bangsmccullen.com | |
| | |
| Mark W. Haigh | [ ] US Mail, postage prepaid |
| Tyler W. Haigh | [ ] Hand delivery |
| Evans, Haigh & Hinton LLP | [x] CM / ECF |
| PO Box 2790 | [ ] Electronic Mail |
| Sioux Falls, SD  57101-2790 | |
| Attorneys for Old Republic Insurance | |
| mhaigh@ehhlawyers.com | |
| thaigh@ehhlawyers.com | |

Dated this 2nd day of October, 2019.

**COSTELLO, PORTER, HILL, HEISTERKAMP, BUSHNELL & CARPENTER, LLP**

*/s/ Heather Lammers Bogard*
Heather Lammers Bogard
*Attorneys for Defendant American Modern Insurance Group*
704 St. Joseph Street
P. O. Box 290
Rapid City, SD 57709
Phone: (605) 343-2410
hbogard@costelloporter.com