UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| LOGAN LUNDAHL, HOLLI LUNDAHL,<br><br>Plaintiffs,<br><br>vs.<br><br>JP MORGAN CHASE BANK, OLD REPUBLIC INSURANCE CO., MEL HOFFMAN, LOS ANGELES HOMEOWNERS AID, LILIA CHAVARIN, AMERICAN MODERN INSURANCE GROUP, FIRST AMERICAN TITLE INSURANCE CO., DOES 1-10, HSBC, SMITH COUNTY, TX, LOIS MOSLEY, PAUL KELLEYJR., SANDRA COPELAND, DAVID GILBERTSON, IN THEIR ADMINISTRATIVE CAPACITIES; CRAIG PFEIFLE, IN THEIR ADMINISTRATIVE CAPACITIES; AND AMERICAN TITLE INSURANCE CO.,<br><br>Defendants. | 5:17-CV-05069-LLP<br><br>ORDER DENYING MISCELLANEOUS MOTIONS |

Plaintiffs, Logan Lundahl and Holli Lundahl, filed a pro se action against defendants and requested leave to proceed in forma pauperis, which was later granted. Dockets 1, 2, 3, and 15. In their amended complaint the plaintiffs allege over fifteen different violations of various federal and state statutes. *See* Docket 27 at 1-2. Plaintiffs asserted that this Court had personal jurisdiction over the defendants due to a RICO statute. *Id.*

The defendants' filed motions to dismiss (Dockets 31, 34, 36, and 41) based on lack of personal jurisdiction and failure to state a claim upon which relief can be granted. Plaintiffs responded to the defendants' motions to dismiss. Dockets 49, 50, 51. This Court granted defendants' motions to dismiss because plaintiffs failed to show that this Court had personal jurisdiction over the defendants. *See* Docket 98. Judgment was entered in favor of defendants and against plaintiffs. Docket 99.

Now, plaintiff, Holli Lundahl moves to amend the judgment. Docket 101. Plaintiff, Logan Lundahl did not sign this motion, but Holli asserts that the "Plaintiffs HOLLI LUNDAHL and LOGAN LUNDAHL" filed the motion. *See* Docket 101 at 1,4. This Court notes that under 28 U.S.C. § 1654 "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel." Further, the Federal Rule of Civil Procedure 11(a) requires that "[e]very pleading, written motion or other paper must be signed . . . by a party personally if the party is unrepresented." "Pro se litigants may not represent the interests of other parties." *Litschewski v. Dooley*, 2012 WL 3023249 at *n. 1 (D.S.D. July 24, 2012); *see e.g., Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others.") Holli may not file motions on behalf of plaintiff, Logan Lundahl. Each pro se litigant must personally sign every pleading and motion before the court.

In her own motion to amend the judgment, Holli claims that this Court sua sponte dismissed the complaint and that she did not have a chance to respond. Docket 101 at 2. The record shows that plaintiffs responded to defendants' motions to dismiss. Dockets 49, 50, 51. Plaintiffs have filed numerous supplements, declarations, and emergency petitions in this action. *See* Dockets 47, 71, 72, 73, 74, 78, 81, 82, 83, 84. Holli also filed a declaration and a supplement to support her motion to amend the judgment. *See* Dockets 102 and 103. "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal punctuation and citations omitted). The Eighth Circuit has held that motions for reconsideration " 'cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced[.]' " *Hagerman v. Yukon Energy Corp.*,

839 F.2d 401, 414 (8th Cir. 1988) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). "Such motions cannot be used to introduce new evidence, tender legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *United States v. Metropolitan St. Louis Sever Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Plaintiffs had ample opportunity and did argue why this Court had personal jurisdiction over the defendants in their responses to the defendants' motions to dismiss. *See* Dockets 49, 50, 51. Holli cannot now use a 59(e) motion and declaration in support to show personal contacts that they could have offered or raised in their responses. Thus, Holli's motion to amend judgment (Docket 101) is denied. Plaintiff's remaining motions: to amend complaint[1] (Docket 105); for Rule 54(b) Certification[2] (Docket 106), and Petition for Permission to File Complaint[3] (Docket 107) are denied as moot because this Court has entered a judgment against the plaintiffs (Docket 99) in this action.

IT IS ORDERED:

1. That plaintiff's motion to amend judgment (Docket 101) is denied.

2. That plaintiff's remaining motions (Dockets 103, 105, 106, 107) are denied as moot.

DATED December 18, 2019.

ATTEST:
MATTHEW W. THELEN, CLERK

BY THE COURT:

Lawrence L. Piersol
United States District Judge

---

[1] The remaining motions (Dockets 105, 106, 107) have Holli Lundahl and Heidie Lundahl listed as the plaintiffs. Heidie Lundahl was not a named plaintiff in this case.
[2]
[3]

3