UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| LOGAN LUNDAHL, HOLLI LUNDAHL,<br><br>Plaintiffs,<br><br>vs.<br><br>JP MORGAN CHASE BANK, HSBC; MARY CORPORON; OLD REPUBLIC INSURANCE CO., MEL HOFFMAN, LOS ANGELES HOMEOWNERS AID, LILIA CHAVARIN, AMERICAN MODERN INSURANCE GROUP, FIRST AMERICAN TITLE INSURANCE CO., DOES 1-10, SMITH COUNTY, TX, LOIS MOSLEY, PAUL KELLEY JR., ESTATE OF PAUL KELLEY SR., SANDRA COPELAND, DAVID GILBERTSON, NIEL LUND, CRAIG PFEIFLE, IN THEIR ADMINISTRATIVE CAPACITIES; AND AMERICAN TITLE INSURANCE CO.,<br><br>Defendants. | 5:17-CV-05069-LLP<br><br>ORDER GRANTING IN PART THE PLAINTIFFS' MOTION TO VACATE AND 1915A SCREENING OF AMENDED COMPLAINT |

Plaintiffs, Logan Lundahl and Holli Lundahl, filed an Amended Complaint on September 12, 2018. Doc. 27. On October 10, 2018, Plaintiffs filed a "Supplement to the First Amended Complaint." Doc. 47. Plaintiffs assert that this supplement is warranted by Federal Rules of Civil Procedure 15(b), the Court is not persuaded by this argument. *See* Doc. 27 at 20. Trial has not commenced in this action, thus using Rule 15(b) to supplement a pleading is incorrect. Fed. R. Civ. P. (Rule 15(b)(1-2) (This rule allows for amendments to be made during and after trial if the amendment is based on an objection or based on issues tried by consent.). The "Supplement" that Plaintiffs filed (Doc. 47) is an additional 225 pages and picks up where the First Amended

Complaint ends. Document 47 is not apart of the First Amended Complaint; the First Amended Complaint is Document 27.

On December 21, 2018, (Doc. 79) this Court ordered Plaintiffs to file a motion to amend complaint within thirty days or this Court would screen the Plaintiffs' First Amended Complaint. Doc. 27. The Plaintiffs untimely filed their motion on February 1, 2019. Doc. 88. Thus, this 1915A screening will be based on Doc. 27, the Plaintiffs' First Amended Complaint.

This Court entered judgment (Doc. 99) in favor of all defendants on August 12, 2019, without realizing that the Court had not yet screened Plaintiffs' Amended Complaint (Doc. 27). This Order will screen Plaintiffs' Amended Complaint and address Plaintiffs' most recent motion to vacate (Doc. 113).

I. **Motion to Vacate**

This Court denied Plaintiff's previous motion (Doc. 101) because a 59(e) motion cannot be used to assert new evidence that could have been argued before the entry of judgment. *See United States v. Metropolitan St. Louis Sever Dist.*, 440 F.3d 930, 933 (8th Cir. 2006); Doc. 112. Now, Plaintiffs assert this new motion is based on Federal Rule of Civil Procedure 60(b)(1). Doc. 113. Plaintiffs argue that this Court based its order on "manifest errors of fact and law." *Id* at 1. A district court's decision on a motion for reconsideration rests within its discretion. *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 413 (8th Cir. 1988). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 414. The Federal Rules provide the following regarding grounds for relief from an order "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect[.] Fed. R. Civ. P. 60(b).

Plaintiffs argue that four defendants in the case conceded personal jurisdiction by (1) making an illegal appearance through a non-attorney" (Plaintiffs assert this was done by Defendants Hoffman and Los Angeles Homeowners Aid); (2) "illegally avoiding service of process" in which Plaintiffs assert this conduct was done by JP Morgan Chase Bank; and (3) that Old Republic Insurance Company presented a false defense. *Id.* at 2.

The only defendants that have been served in this case are Old Republic Insurance Company (Docket 21), American Modern Insurance Group (Docket 21), First American Title Insurance Company (Docket 21), and Lilia Chavarin (Docket 19). JP Morgan Chase Bank's summons were returned unexecuted. *See* Docket 20. Each served defendant raised a personal jurisdiction claim in their own motion to dismiss.[1] This Court dismissed the case because the only defendants that were served, filed a motion to dismiss and each asserted lack of personal jurisdiction. This Court found that Plaintiffs had not established minimum contacts but merely stated that the defendants did "general business." *See* Docket 59; Docket 98.

Plaintiffs assert "this court sua sponte raised the 'general jurisdiction' defense in its final judgment." Doc. 113 at 2. The Court had not screened Plaintiff's First Amended Complaint, thus, the Court will submit an amended judgment that reflects the correct defendants being dismissed. Plaintiffs' motion to vacate (Doc. 113) is granted in part, to change the defendants listed in the judgment. This Court will submit an amended judgment to reflect the correct defendants' names.

II.     **1915A Screening of Plaintiffs' Amended Complaint**

---

[1] Old Republic Insurance Company asserted lack of personal jurisdiction in Doc. 35 at 7. American Modern Insurance Group asserted lack of personal jurisdiction in Doc. 32 at 3. First American Title Insurance Company asserted lack of personal jurisdiction in Doc. 37 at 5. Lilia Chavarin asserted lack of personal jurisdiction in Doc. 42 at 6.

3

Logan Lundahl and Holli Lundahl have already been granted leave to proceed in forma pauperis status. *See* Docket 15. Under § 1915, the court must review the claims in the complaint to determine if they are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who has immunity. *See* 28 U.S.C. § 1915(e)(2)(B).

A pro se complaint should be given liberal construction. *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). A pro se complaint, regardless of how inartfully pleaded, is held to less stringent standards than pleadings drafted by lawyers and may only be dismissed for failure to state a claim if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Hughes v. Rowe*, 449 U.S. 5, 10 n.7 (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). This policy of liberal construction, however, "does not mandate that a Court sustain every pro se complaint even if it is incoherent, rambling, and unreadable." *Barsella v. U.S.*, 135 F.R.D. 64, 66 (S.D.N.Y. 1991). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint set forth "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule also requires that each claim be "simple, concise and direct." Fed. R. Civ. P. 9(e)(2). The purpose of this rule is that a defendant be given fair notice of what the plaintiffs claim is and the grounds upon which it rests. *Romine v. Acxiom Corp.*, 296 F.3d 701, 711 (8th Cir. 2002) citing *Swierkiewcz v. Sorema N.A.*, 534 U.S. 506 (2002).

The Plaintiffs Amended Complaint adds multiple new defendants. Plaintiffs assert that this action is being brought because the state of Nebraska dismissed these claims. Doc. 27 at 3. Plaintiffs claim that five claims were dismissed in Nebraska for failure to show personal jurisdiction over defendants. *Id.* Plaintiffs then list numerous claims that have been dismissed

4

within other courts starting in November of 2008 until May of 2015. *Id.* at 3-5. Plaintiffs assert that the previous courts obstructed their rights "to seek any future relief by fraudulently constructing orders that were patently false to impede Plaintiffs fair and just access to the courts to try her claims." *Id.* at 7. Plaintiffs claim that they are entitled to equitable tolling and should be allowed to present the same federal claims within this Court as they presented in the state courts. *Id.* at 8. "Both courts [Nebraska state court] refused to analyze how RICO claims is to be treated in a state court sufficient to create a uniform application of the RICO laws whether prosecuted in federal or state court." *Id.* at 8. Plaintiffs assert that *Rooker-Feldman* does not bar this action because the state court refused to reach the federal questions. *Id.*

In the "General Allegation" section of the Amended Complaint, Plaintiffs assert claims against Los Angeles Homeowners Aid, Mel Hoffman, and First American Title Insurance Company. *Id.*[2] The Plaintiffs claim that JP Morgan Chase and the private party defendants sought out criminal charges against Holli Lundahl. *Id.* at 16. Only a bare conclusory allegation is made against Mel Hoffman and the claim against him does not pass initial review.

### A. Lois Mosley, Paul Kelley, Jr., Estate of Paul Kelley, Sr., Sandra Copeland, Niel Lund, David Gilbertson, American Title Insurance Company, Mary Corporon, and Craig Pfeifle

Defendants Lois Mosley, Paul Kelley, Jr., Estate of Paul Kelley, Sr., Sandra Copeland, Niel Lund, David Gilbertson, Does 1-10, Mary Corporon, American Title Insurance Company, and Craig Pfeifle are named as defendants. *Id.* at 1. The complaint makes general statements such as "All Defendants Except the Public Defendants Sued Herein, Brought About A Third

---

[2] Claims against defendants who have already been dismissed due to lack of personal jurisdiction will not be addressed in this screening order. Defendants' motions to dismiss were based on this Amended Complaint.

5

Prosecution Against Holli In The State of Idaho for Forgery of the Bank Notaries[.]" *Id.* at 16. Again, the Plaintiffs assert that "the private party defendants . . . then procured another criminal prosecution against HOLLI[.]" *Id.*

"[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The claims against the above defendants are general and conclusory. With such general allegations, defendants may not be given fair notice about which grounds they need to address. *See Romine*, 296 F.3d at 711 (citing *Swierkiewcz*, 534 U.S. at 506). Because Plaintiffs have not asserted a claim that shows they are entitled to relief against these defendants Lois Mosley, Paul Kelley Jr., Estate of Paul Kelley Sr., Sandra Copeland, Niel Lund, David Gilbertson, Does 1-10, Mary Corporon, American Title Insurance Company, and Craig Pfeifle are dismissed under 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1). Further, American Title Insurance would only insure good title to the property, but not insure the title against subsequent actions of others that the plaintiffs alleged subsequently divested plaintiffs of the title plaintiffs allegedly originally owned. One additional reason for dismissal is David Gilbertson is the Chief Justice of the South Dakota Supreme Court and Craig Pfiefle is a South Dakota Circuit Court Judge. Chief Justice Gilbertson and Judge Pfiefle were only operating in their official capacity with no claim to the contrary.

**B. HSBC**

Next, Plaintiffs assert that defendant "HSBC aka HSBC MORTGATE SERVICES INC. AKA BENEFICIAL WYOMING" does general business in the state and asserts that the Plaintiffs have litigated claims against HSBC before. *See* Doc. 27 at 2, 20. These bare assertions are not

enough to survive 1915A screening, thus the claims against HSBC are dismissed under 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

### C. The Honorable Travis O'Gorman and the Honorable Derek Weimer

Plaintiffs assert claims against Travis O'Gorman and Derek Weimer in their "administrative capacities." *See* Doc. 27 at 1. This Court had already noted in its first screening order that Weimer and O'Gorman were state court judges for the State of Nebraska. Doc. 15 at 4.; Docket 1-15; 1-19. These claims were against Weimer and O'Gorman in their official capacities and were dismissed. *See* Doc. 15 at 4. Here, Plaintiffs sue these defendants in their "administrative capacities." Doc. 27 at 1. Plaintiffs assert that they are "seeking the same federal claims they presented to the state courts . . . plaintiff's motion to alter or amend judgment complaining about the failure to address any contacts analysis concerning Plaintiff's federal RICO claims before O'Gorman's court. . . [and] RICO claim presented before Derek Weimer's court . . . Both courts refused to analyze how a RICO claim is to be treated in a state court sufficient to create a uniform application of the RICO laws[.]" *Id.* at 8.

This Court does not address whether suing a defendant in his/her "administrative capacity" has merit, but the claims against Wiemer and O'Gorman are barred by judicial immunity. "The necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' " *Id.*; (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1872)). Judges are immune from suit, with two narrow exceptions. " 'First, a judge is not immune from liability for

nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.' " *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012) (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)). These exceptions do not apply here. Plaintiffs assert they presented these claims in the state court, thus having jurisdiction over the claims. Thus, Plaintiffs claims against defendants Weimer and O'Gorman are dismissed under 28 U.S.C. §§ 1915(e)(B)(i-ii) and 1915A(b)(1).

### D. Smith County, Texas

Plaintiffs list Smith County, Texas as a defendant and asserts that her (Holli Lundahl's) real property in Texas was acquired at an auction. Doc. 27 at 16. Plaintiffs must establish the prerequisite to governmental liability under § 1983 against Smith County, Texas. Plaintiffs must allege that an official custom or policy brought about the alleged constitutional deprivation. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Monell v. Dep't of Soc. Servs. of N.Y*, 436 U.S. 658, 690-91 (1978). Plaintiffs make no such allegation against Smith County, and thus fail to state a claim upon which relief may be granted. There are no facts alleged in the complaint to reasonably suggest that Plaintiffs have a viable claim against Smith County, Texas. Consequently, the complaint against defendant Smith County, Texas is dismissed under 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

### E. Los Angeles Homeowners Aid and Mel Hoffman

No basis has been shown that this Court has personal jurisdiction over Los Angeles Homeowners Aid or Mel Hoffman, accordingly those claims will be dismissed without prejudice.

**F. JP Morgan Chase Bank**

Plaintiffs assert many claims against JP Chase Morgan Bank in their First Amended Complaint. *See* Doc. 27. At this juncture, the court cannot say the complaint against JP Morgan Chase Bank is wholly without merit. Thus, the Court will direct service of JP Morgan Chase Bank.

Accordingly, it is ORDERED:

1. Plaintiffs fail to state a claim against defendants Lois Mosley, Paul Kelley Jr., Estate of Paul Kelley Sr., Sandra Copeland, Niel Lund, David Gilbertson, Does 1-10, Smith County, Texas, HSBC, American Title Insurance Company, Mary Corporon, Mel Hoffman, Los Angeles Homeowners Aid, and Craig Pfeifle. They are dismissed under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Judgment will be entered against plaintiffs and in favor of defendants Lois Mosley, Paul Kelly Jr., Estate of Paul Kelley Sr., Sandra Copeland, Niel Lund, David Gilbertson, Does 1-10, Smith County, Texas, HSBC, American Title Insurance Company, Mary Corporon, Mel Hoffman, Los Angeles Homeowners Aid, and Craig Pfeifle.

2. Plaintiffs' motion to vacate (Doc. 113) is granted in part, to change the defendants listed in the judgment. This Court will file an amended judgment to reflect that judgment was entered in favor of defendants Old Republic Insurance Company, American Modern Insurance Group, American Title Insurance Company, and Lilia Chavarin pursuant to their motions to dismiss addressing the Plaintiffs Amended Complaint. The remaining defendant in this lawsuit is JP Morgan Chase Bank.

3. Plaintiffs shall complete and send to the Clerk of Court a separate summons and USM-285 form for the remaining defendant, JP Morgan Chase Bank. Upon receipt of

the completed summons and USM-285 forms, the Clerk of Court will issue the summons. If the completed summons and USM-285 forms are not submitted as directed, the complaint may be dismissed.

4. The United States Marshal Service shall serve the completed summons, together with a copy of the Amended Complaint (Doc. 27) and this order, upon the remaining defendant, JP Morgan Chase Bank.

Dated this 24th day of February, 2020.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK