UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| LOGAN LUNDAHL, HOLLI LUNDAHL,<br><br>Plaintiffs,<br><br>vs.<br><br>JP MORGAN CHASE BANK, OLD REPUBLIC INSURANCE CO., MEL HOFFMAN, LOS ANGELES HOMEOWNERS AID, LILIA CHAVARIN, AMERICAN MODERN INSURANCE GROUP, FIRST AMERICAN TITLE INSURANCE CO., DOES 1-10, HSBC, SMITH COUNTY, TX, LOIS MOSLEY, PAUL KELLEYJR., SANDRA COPELAND, DAVID GILBERTSON, IN THEIR ADMINISTRATIVE CAPACITIES; CRAIG PFEIFLE, IN THEIR ADMINISTRATIVE CAPACITIES; AND AMERICAN TITLE INSURANCE CO.,<br><br>Defendants. | 5:17-CV-05069-LLP<br><br><br>ORDER DENYING PLAINTIFFS' DECLARATIONS/MOTIONS FOR RELIEF UNDER RULES 59(E) AND 60(B) |

Plaintiffs, Logan Lundahl and Holli Lundahl filed a pro se civil rights action. This Court dismissed Plaintiffs' complaint (Doc. 99) and later amended its judgment (Doc. 123) after realizing the Court needed to screen Doc. 27. Plaintiffs appealed and the Eighth Circuit Court of Appeals dismissed their appeal for lack of jurisdiction. Doc. 125. Subsequently, this Court ordered dismissal and entered judgment in favor of all defendants and against plaintiffs, dismissing the case. Doc. 126 and 127. Now, Plaintiffs filed three "declarations" to support their 59(e) and 60(b) motions. This court liberally construes Plaintiffs' declarations (Docs. 129, 130, 131, 138) as motions for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b)(1). Plaintiffs also move for leave to file a Second Amended Complaint. *See* Docs. 129, 130, 131, 138.

Rule 59(e) provides, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Rule 59(e) "was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of

judgment." *Chapman v. Hiland Partners GP Holdings, LLC*, 862 F.3d 1103, 1110-11 (8th Cir. 2017) (quoting *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)). " 'Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.' " *Id.* (quoting *Hagerman*, 839 F.2d at 414). District courts have broad discretion when considering whether to grant a motion to amend or alter a judgment under Rule 59(e). *Id.*

Here, Plaintiffs' challenge many issues that they have already brought before this Court or could have brought before this court before judgment was entered. Plaintiffs argue that the Court erred in finding lack of personal jurisdiction over defendants. Doc. 129 at 3. However, Plaintiffs have already argued this position. *See* Docs. 101, 102, 103, 113. In multiple declarations Plaintiffs assert that this Court should have screened Doc. 88-1, and the Court should have allowed the supplement in Doc. 42., and that Doc. 88-1 would have stated a claim against defendants. Docs 129 at 10, 13; 130 at 2-4, 7-8; 131 at 3-6. However, Plaintiffs' motion to amend (Doc. 88) was denied in this Court's order (Doc. 98 at 7) due to failure to follow this Court's order which granted plaintiffs leave to file an amended complaint by January 20, 2019, and they did not file their proposed 286 page amended complaint until February 1, 2019. This Court dismissed Doc. 88 as untimely. Doc. 98.

In Doc. 122, this Court was not persuaded by Plaintiffs argument that "Rule 15(b) warranted their supplement to their First Amended Complaint." Doc. 122 at 1. Therefore, this Court screened Plaintiffs' First Amended Complaint (Doc. 27) without the supplement (Doc. 47). Plaintiffs now try to assert (and blatantly misstates what this Court considered in Doc. 122) that Rule 15(d) allowed the supplement. Docs. 129 at 15; 130 at 2. Rule 59(e) motions cannot be used to tender new legal theories and they are not a vehicle to assert arguments that could have been made or have been made

before. Thus, Plaintiffs' motions/declarations fail to demonstrate "manifest errors of law or fact or [ ] newly discovered evidence." *Metro. St. Louis*, 440 F.3d at 933 (internal quotation marks omitted). Instead, Plaintiffs' motions "tender new legal theories, or raise[s] arguments which could have been offered or raised prior to entry of judgment." *Id.* (internal quotation marks omitted). Thus, Plaintiffs' motions for relief under Rule 59(e) are denied.

Under Rule 60(b)(1), "the court may relieve a party . . . from a final judgment, order, or proceeding" when the party demonstrates "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Plaintiffs assertion that this Court made mistakes throughout their orders and judgments is not supported by the record. Thus, Plaintiffs' motions/declarations for relief under Rule 60(b)(1) are denied. Further, Plaintiffs' motions to file a Second Amended Complaint are denied. Accordingly, it is ORDERED:

1. That Plaintiffs' declarations/motions (Docs. 129, 130, 131, 138) are denied.
2. That Plaintiffs' motions to file a Second Amended Complaint asserted in Docs. 129, 130, 131, and 138 are denied.

DATED April 8, 2020.

ATTEST:

MATTHEW W. THELEN, CLERK

_____

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge